# HENDERSON *v.* MURPHY.

EVIDENCE; ASTONISHMENT OR INDIGNATION; ADMISSION; INVOLVING LEGAL QUESTION.

1. Defendant's testimony as to her astonishment or indignation on the receipt of a bill for which the action is brought is properly rejected when there is no claim that her attitude on its receipt amounted to an admission. (*Riley* v. *Mattingly*, 42 App. D. C. 294.)    (Mr. Justice Van Orsdel dissenting.)

2. A question to a plaintiff who had already testified to two payments on his claim, for which credits had been given, whether he had received any other payments "on account of this work" for which the claim is made, is not objectionable on the ground that a legal question is involved, where it is made clear that the question is intended to ask nothing more than whether any other payments were made. (Mr. Justice Van Orsdel dissenting.)

No. 3094.   Submitted March 7, 1918.   Decided April 1, 1918.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia.   *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment for the plaintiffs, Fred V. Murphy and Walter B. Olmsted, copartners under the firm name of Murphy & Olmsted, appellees here, in an action to

recover the sum of $2,500, less credits aggregating $102.25, for preparing drawings for a proposed Lincoln Memorial in Meridian Hill park, in the District of Columbia.

The evidence for the plaintiffs tended to show that the work was done at the request of Mrs. Mary Foote Henderson, the defendant, under circumstances warranting the inference that she would pay for the same.

*Mr. Jesse C. Adkins* and *Mr. A. Wm. Suelzer* for the appellant.

*Mr. Frank J. Hogan* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

The defendant pleaded the general issue and the Statute of Limitations. Both at the close of plaintiffs' evidence and at the close of all the evidence, defendant asked for an instructed verdict "upon the ground that the plaintiffs had not fulfilled the burden of proof that is upon them in order to take this case out of the Statute of Limitations." Suit was filed January 19, 1915, and there was competent evidence before the jury that work on the drawings was not completed until February of 1912. The jury having accepted that evidence, we are not at liberty to review their findings upon this question of fact.

There was testimony on the part of the plaintiffs "that on August 14, 1914, a letter, inclosing a bill for $2,500, was sent Mrs. Henderson;" that this was the first bill sent, and "the first time Mrs. Henderson was acquainted with the amount of her bill." No attempt was made to prove the contents of the letter accompanying the bill.

Defendant testified in detail that when the drawings were made "it was expressly understood that witness was not to pay" for them, but that she, on the contrary, being interested in having the Memorial located on Meridian Hill, would do what she could, if plaintiff Murphy would get out satisfactory plans, to have them adopted by Congress, in which event Murphy would make very large commissions. The witness was then asked what,

if any, reply she made when she received the letter of plaintiffs dated August 14, 1914, and answered: "Oh, I called him over the phone and told him I was very much astonished——." Here counsel for plaintiffs interposed an objection, and the court ruled that witness could testify to no more than that she refused to pay. Defendant reserved an exception on the ground that the witness should have been permitted to testify as to what she said about the bill, "with a view of showing how indignant she was and how she repudiated it, and all such questions that might occur."

The record shows that "no claim was made by plaintiffs at any stage of the case that defendant had by act, omission, or word, subsequent to February, 1912, done anything from which an admission of the obligation claimed on in this suit could be inferred, and no argument that any such admission had been made was presented to court or jury." Plaintiffs, in their declaration and particulars of demand, claimed interest from March 1, 1912, but in their counsel's argument before the jury that claim was modified; for the court in his charge said: "In their (plaintiffs) declaration they claim it (interest) from March 1, 1912; but counsel for the plaintiffs very frankly tells you on that question of interest, if you should conclude that there should be awarded interest at all upon the amount, it ought not to be for a period earlier than August 14, 1914, the date on which the plaintiffs for the first time, as I understood him, submitted to Mrs. Henderson a bill claiming the principal amount that I have just called to your attention." The jury, however, allowed no interest. Inasmuch, therefore, as the scope of this item of evidence thus was limited, we fail to perceive wherein the defendant was injured by the restriction of her answer to the question propounded to her concerning it. Had plaintiffs contended that defendant's attitude upon receipt of the letter and bill amounted to an admission (*Riley v. Mattingly,* 42 App. D. C. 294), a different question would have been presented here.

Plaintiff Murphy testified that Mrs. Henderson, upon the occasion of a visit to his office during the progress of the work, wrote out a check "and put it on the table," and that after she

had gone out he was surprised to discover it was for only $50. Witness further testified to a payment by defendant of $52.25 for frames used on some of the drawings. Later he was asked whether, "other than the two credits" just mentioned, he had received "from Mrs. Henderson on account of this work any other payments." To this an objection was interposed on the ground that a legal question was involved. The court then said: "I think what Mr. Hogan (counsel for plaintiffs) is trying to find out is whether he has received any other payments whatever, than those credited on this bill." Thereupon Mr. Hogan stated: "That is what I asked him. I insist that my question is proper." The court: "The question is not whether they were paid on account, in the sense that they had been paid by way of recognition of the bill. It is only a method of directing the witness's attention to a particular transaction. He can answer *whether any other payments were made.* I think that is a proper question." The question, then, which the witness answered in the negative, was "whether any other payments were made." He already has testified as to two payments for which credit had been given, and this question and answer in no way affected that testimony.

The judgment is affirmed, with costs.               *Affirmed.*

Mr. Justice VAN ORSDEL dissents.